## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MONTEE RAY IVERSON,

     Plaintiff,

     v.                       CASE NO.  16-3102-SAC-DJW

SAM CLINE, et al.,

     Defendants.


## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court screened Plaintiff's Second Amended Complaint (Doc. 33) pursuant to 28 U.S.C. § 1915A.  (Doc. 32.)  The Court dismissed Plaintiff's retaliation claim in Count I, and ordered a *Martinez* report for Counts II and III.  *Id.*     This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment Per Rule 59 (Doc. 34).

"A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006), *aff'd*, 260 F. App'x 98 (10th Cir. 2008) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed or to present new legal

theories or supporting facts that could have been raised in plaintiff's earlier filings. *Wilkins*, 238 F.R.D. at 263 (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997)); *Servants of Paracletes*, 204 F.3d at 1012. A 59(e) motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (citation omitted).

The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243–44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his motion, Plaintiff states that he erroneously titled his previous amended complaint his "Second Amended Complaint," when in actuality it was only his First Amended Complaint. Plaintiff further alleges that the Court was fully aware that there was not a previous First Amended Complaint and "it was biased myopia on the Court letting that error slide without correcting it." (Doc. 34 at 1.) In addition, Plaintiff disagrees with the Court's findings and rulings regarding his retaliation claim and reargues some of his allegations of retaliation.

The Court screened Plaintiff's original Complaint at Doc. 1 pursuant to 28 U.S.C. § 1915A, and found that Plaintiff failed to state a claim. (Doc. 27.) The Court granted Plaintiff thirty days in which to file a complete and proper Amended Complaint to cure all the deficiencies set forth in the Court's Order. *Id.* Plaintiff filed an Amended Complaint (Doc. 28).

Recognizing that his Amended Complaint was deficient, Plaintiff filed a motion for leave to file a Second Amended Complaint (Doc. 30).  The Court granted Plaintiff's motion and screened Plaintiff's Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1915A.  (Doc. 32.) Although Plaintiff's SAC superseded his previous complaints, those complaints were nonetheless filed and Plaintiff is not entitled to continue to use the provision in Rule 15 which allows plaintiffs to file an amended complaint "once as a matter of course." *See* Fed. R. Civ. P. 15.  Plaintiff's SAC at Doc. 32 was properly referred to as Plaintiff's "Second Amended Complaint."

Plaintiff does not contend that there has been an intervening change in the controlling law.  Nor does he allege that there is newly discovered evidence, which was previously unavailable.  If Plaintiff believes there is a need to correct clear error or prevent manifest injustice, he has not supported that belief with a description of clear error of fact or law. Furthermore, all allegations made by Plaintiff in this motion either were or could have been presented prior to dismissal of his retaliation claim.  His mere restatement of his claim, rehashing of arguments, advancement of new arguments or additional supporting facts, and disagreement with the findings and rulings of this Court fail to demonstrate the existence of any extraordinary circumstances that would justify a decision to alter or amend the order dismissing his retaliation claim.  The reasons for dismissal of Plaintiff's retaliation claim and the legal standards applied were fully explained in the Court's prior orders.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its February 21, 2017 Order at Doc. 32, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT that** Plaintiff's Motion to Alter or Amend Judgment Per Rule 59 (Doc. 34) is **denied**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 4th day of April, 2017.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U. S. Senior District Judge**