IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MONTEE RAY IVERSON,

          Plaintiff,

v.                                                                       Case No. 16-3102-JTM

JORDAN BELL, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Montee Ray Iverson, an inmate in the custody of the Kansas Department of Corrections, filed this lawsuit pro se claiming violations of his First and Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants retaliated against him by housing him in a More Restricted Area ("MRA") for discussing two guards' misconduct with healthcare providers. Plaintiff further alleges that he was kept in unsanitary conditions and certain defendants battered and/or sexually assaulted him. Defendants move for summary judgment claiming plaintiff failed to exhaust mandatory administrative remedies (Dkts. 56 and 62). For the reasons provided below, the court grants defendants' motions.

I.        **Factual Background**

At all relevant times, plaintiff was housed at the Hutchinson Correctional Facility ("HCF"). Defendant Jordan Bell was a unit team supervisor at HCF at that same time. Defendant Dustin Davis is an HCF corrections officer. Defendant Misty Keolavone is a

1

licensed specialized clinical social worker employed by Corizon, LLC as the Mental Health Coordinator at HCF.

Plaintiff claims defendants retaliated against him for making threatening statements about HCF officers to his therapist, FNU Schroder. Plaintiff also alleges Keolavone was responsible for placing plaintiff in an MRA cell due to his mental condition.

Plaintiff contends that he was kept in kept in unsanitary conditions because the MRA cells are not regularly cleaned, the toilets do not flush manually, and the "walls are stained with human excrement from inmates that are mentally ill." (Dkt. 66, at 37). Plaintiff alleges that defendants Karen Barnt, Keolavone, and Bell were aware of the unsanitary conditions.

Plaintiff further complains that Bell made plaintiff's conditions harsher by terminating his ability to purchase stamps and envelopes through Restricted Housing Rules. Plaintiff contends that Bell told plaintiff he needed to appear in person at the Segregation Review Board meeting even though Bell was aware of plaintiff's fears of mistreatment from correctional officials.

Plaintiff indicates that on July 18, 2016, he was mentally ill and displayed suicidal tendencies. A cell extraction team was assembled to move plaintiff. During the forced removal, plaintiff alleges that Davis sexually assaulted him and other HCF correctional officers battered him.

Following the screening of the Second Amended Complaint, plaintiff's retaliation claim (Count I) was dismissed. (Dkt. 32). Plaintiff's allegations of battery and sexual

2

assault (Count II) and being housed in unsanitary conditions (Count III) were permitted to proceed.

## II. Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Communs.*, 456 F.3d 1215, 1219 (10th Cir. 2006). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

## III. Exhaustion Requirements

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), provides that a prisoner may not bring an action under any federal law regarding prison conditions "until such administrative remedies as are available are exhausted." *See also Simmons v. Stus*, 401 F. App'x 380, 381 (10th Cir. 2010). "[T]he PLRA exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). An inmate must not only start the grievance process but also complete the grievance process before filing his complaint. *See* 42 U.S.C. § 1997e(a) (stating "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted"); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

The grievance procedure for Kansas state prisoners is detailed in Kansas Administrative Regulation ("K.A.R.") §§ 44-15-101 and 102, which includes three levels: submission of the grievance first to a unit team member, then to the warden, and finally to the Kansas Secretary of Corrections.

### A. Burden-Shifting Scheme

The defendant initially carries the "burden . . . to prove administrative remedies were available and plaintiff failed to exhaust these remedies." *Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *10 (D. Kan. Sept. 10, 2014). Defendants attached an affidavit of the Custodian of Records from HCF. (Dkt. 57–1). The custodian stated that she had searched plaintiff's grievances and found no grievances arising out of the events from the July 18, 2016 cell extraction, alleging unsanitary conditions during MRA confinement, or placement in MRA confinement in retaliation for exercising First Amendment rights. Nor did the custodian find any personal injury claims. Therefore, defendants have met their initial burden, and "the burden shifts to

4

plaintiff to show a genuine issue for trial." *Lewis*, 2014 WL 4450147 at *10 (citing Fed. R. Civ. P. 56(e)).

### B. Plaintiff's Grievances

In his Second Amended Complaint, plaintiff claims he has "written formal/informal resolutions, grievances, and official letters" to Administrators in Topeka, Kansas, over E.A.I., Mental Health, and the Secretary of Corrections.[1] (Dkt. 33, at 5). Plaintiff also asserts he filed a claim under the Prison Rape Elimination Act ("PREA") for his battery and sexual assault claims. In plaintiff's response, he attached several exhibits regarding his grievances.

On March 20, 2016, plaintiff prepared Grievance BA00017628 in which he complained about his confinement in an MRA cell and lack of transfer. Plaintiff stated that he feared for his life at HCF. Plaintiff submitted the grievance to his unit team. (Dkt. 66, at 28–9).

On March 25, 2016, plaintiff received Unit Manager J. Jackson's response. (Dkt. 66, at 10). Jackson notes that plaintiff was moved to MRA status after making statements to a mental health worker that plaintiff would batter HCF officers in segregation. Plaintiff appealed Grievance BA00017628 to the Warden, which was denied on April 11, 2016. (Dkt. 66, at 14). But this appeal was not filed within the mandatory three-day limit; instead plaintiff submitted his appeal to the Warden on day four. (Dkt. 66, at 28). Thus, plaintiff did not comply with K.A.R. § 44–15–102(b) and

---

[1] Because plaintiff is proceeding pro se thus, the court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

5

failed to exhaust his administrative remedies. *See generally Jones v. Bock*, 549 U.S. 199, 216–18 (2007) (for purposes of the PLRA, proper exhaustion requires completion of the administrative review process in accordance with the applicable procedural rules that the prison grievance process prescribes).

Even if plaintiff's appeal to the Warden was timely, plaintiff has not provided documentation that he timely appealed the Warden's response to the Secretary of Corrections in compliance with K.A.R. § 44–15–102(c). It appears that plaintiff filled out Grievance BA00017628 and Grievance BA00017681; however, these grievances were not signed and dated by plaintiff or an HCF staff member after the Warden answered plaintiff. Nor is there evidence that plaintiff mailed his grievances to the Secretary of Corrections.

With respect to plaintiff's claims of unsanitary conditions and sexual assault, there is no evidence in the record that plaintiff completed the requisite three levels to exhaust his administrative remedies. Neither Grievance BA00017628 nor Grievance BA00017681 alleges plaintiff was held in unsanitary conditions or sexually assaulted. While Grievance BA00017681 alleges generally that plaintiff endured acts of violence and threats of bodily harm from HCF guards, plaintiff prepared this grievance on May 26, 2016—before the July 18, 2016 cell extraction. Thus, Grievance BA00017681 does not cover any alleged battery or sexual assault by defendants raised in Count II.

In plaintiff's response, he indicates that he was unable to grieve the unsanitary conditions and refers to Exhibit A; but Exhibit A references placement in MRA status as opposed to unsanitary conditions. (Dkt. 66, at 15). Plaintiff claims that he reported the

6

sexual battery on July 20, 2016, to Keolavone and other mental health staff, but plaintiff provides no evidence in support of this claim. Instead, plaintiff attached a February 27, 2017 report alleging Keolavone committed a violation. (Dkt. 66, at 9).

Plaintiff also asserts that he was denied the right to properly report the sexual assault for several weeks and that the delay was justified by Enforcement, Apprehension, and Investigation ("EAI") Representative Robinson due to his paperwork being lost. Plaintiff alleges he filed a PREA claim. But plaintiff provides no documentation or affidavit in support of these claims, and the court finds that he has not met his burden.[2] *See, e.g.*, *Baughman v. Harless*, 142 F. App'x 354, 358–59 (10th Cir. 2005) (holding that summary judgment is inappropriate when prisoner provided affidavit evidence that he mailed his grievance form); *Johnson v. Wackenhut Corr. Corp.*, 130 F. App'x 947, 951 (10th Cir. 2005) (affirming district court's dismissal for failure to exhaust administrative remedies where prisoner alleged prison officials prevented him from doing so, "yet there is no evidence that he ever requested a grievance form or otherwise requested assistance with the grievance process").

### C. *Plaintiff's Letter*

On May 7, 2016, plaintiff addressed a letter to Governor Brownback and complained about Bell and Schroder. Specifically, plaintiff claimed that Schroder placed him in an MRA cell because he "used words describing acts of violence" he would like to commit against HCF officials. (Dkt. 66, at 37). Plaintiff also alleged that

---

[2] Plaintiff states that Exhibit K is a response from EAI Robinson, however, there is no Exhibit K within plaintiff's filings.

7

he was kept in kept in unsanitary conditions. Plaintiff complained that Bell made plaintiff's conditions harsher by terminating his ability to purchase stamps and envelopes.

Although plaintiff's letter was forwarded to the Office of the Secretary of Corrections, medical staff, and the Warden, the court finds that plaintiff did not comply with K.A.R. §§ 44-15-101 and 102, let alone exhaust the grievance process. Plaintiff has not attached any denials from either the Warden or the Secretary of Corrections regarding this letter—presumably, because plaintiff did not comply with levels one and two of the grievance process. *See id.*; *Pusha v. Myers*, 608 F. App'x 612, 614 (10th Cir. 2015) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).").

## IV. Conclusion

The court has reviewed the present record and finds no genuine issue of material fact whether plaintiff exhausted his administrative remedies before bringing this action. Because plaintiff did not properly exhaust his administrative remedies, his federal claims may not proceed. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (a plaintiff must comply with applicable prison grievance procedures to properly exhaust his or her claims under the PLRA). Thus, defendants are entitled to judgment as a matter of law in this case.

IT IS THEREFORE ORDERED this 5th day of October, 2017, that defendants' motions for summary judgment (Dkts. 56 and 62) are GRANTED.

IT IS FURTHER ORDERED that plaintiff's Second Amended Complaint (Dkt. 33) is dismissed without prejudice for failure to exhaust administrative remedies.

____s/ J. Thomas Marten____
J. Thomas Marten, Judge